IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL WALTER HARPER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 06-01461 |
| | : | |
| v. | : | |
| | : | |
| DR. FOX, M.D., et al., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

Stengel, J.                                                                                                                               August 18, 2006

*Pro se* plaintiff Paul Walter Harper has filed a medical malpractice action against Dr. Kevin Fox and the Lancaster Regional Medical Center (collectively "Defendants"). Defendants filed a motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b) and PA. R. CIV. P. 1042.1 *et seq*. or, in the alternative, a motion for a more definitive statement pursuant to FED. R. CIV. P. 12(e). After reviewing the complaint, I find that Plaintiff has not alleged facts satisfying the statutory requirements for this Court to assume subject matter jurisdiction over the case.

**I.    BACKGROUND**

Plaintiff filed his hand-written, one-page complaint on April 10, 2006. The complaint alleges in its entirety:

> Plaintiff, who was immobilized when knocked to the pavement
> of a street by a third party, was taken to Lanc. Regional
> Medical Ctr. by ambulance, where Dr. Fox failed to adhere to

>   the accepted standard of medical practice.  Plaintiff seeks
>   compensatory damages for the resulting permanent hip and
>   lower back damage in an amount to be determined at a later
>   date.

Compl. ¶ 1.

Defendants filed the instant motion to dismiss, or in the alternative, for a more definitive statement on July 31, 2006.  Plaintiff has not opposed the motion.

## II.     LEGAL STANDARD

A case may be dismissed under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . ."  FED. R. CIV. P. 12(h)(3).  Alternatively, a court choosing not to grant a motion to dismiss for lack of subject matter jurisdiction may, under Rule 12(e), grant a motion for a more definitive statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ."  FED. R. CIV. P. 12(e).

Moreover, courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).  Thus, Plaintiff's complaint, "however inartfully pleaded, must be held to [a] less stringent standard[] than [a] formal pleading drafted by [a] lawyer[]. . . ."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations and quotations omitted).

### III.   DISCUSSION

Federal courts are courts of limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution.  In general, federal courts may only consider cases where:  (1) a federal question is at issue; or (2) there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  District courts have subject matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, in which Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal courts also have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" pursuant to 28 U.S.C. § 1332(a).  The requirement of complete diversity means that "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state."  Menan Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

When a motion to dismiss for lack of subject matter jurisdiction is before a court, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of litigation."  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).  This burden is applicable to cases based on diversity

jurisdiction as well, and in such cases a plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met. Quaker State Dyeing & Finishing Co., Inc., v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972) (citing McSparran v. Weist, 402 F.2d 867, 875 (3d Cir. 1968)).

In this case, Plaintiff's terse complaint does not demonstrate that the Court has subject matter jurisdiction. First, the complaint does not raise a federal question. Instead, it appears to allege a medical malpractice case that is more properly addressed under Pennsylvania law in state court. Second, the complaint does not demonstrate that the Court has diversity jurisdiction. Plaintiff has not alleged that there is complete diversity of citizenship among the parties. Nor has Plaintiff alleged that the amount in controversy requirement has been met. Instead, the complaint specifies that compensatory damages are sought "in an amount to be determined at a later date," and there is no allegation that the amount in controversy exceeds $75,000.[1]

---

[1] Where a plaintiff's complaint does not specify an amount of damages sought, federal courts "must independently appraise the plaintiff's claims as set forth in the complaint and determine the amount in controversy 'by a reasonable reading of the value of the rights being litigated.'" Buchanan v. Lott, 255 F. Supp. 2d 326, 331 (E.D. Pa. 2003) (quoting Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993)). Here, the complaint is so lacking in substance and detail that it thwarts even an extremely liberal attempt to determine the amount in controversy.

**IV.     CONCLUSION**

Plaintiff has not met the statutory requirements for the Court to assume subject matter jurisdiction over this case.  I will therefore grant Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.[2]  An appropriate Order follows.

---

[2]Because the case must be dismissed for lack of subject matter jurisdiction, Defendants' alternative arguments to dismiss the case based upon FED. R. CIV. P. 12(b)(6) and Plaintiff's failure to file a timely certificate of merit pursuant to PA. R. CIV. P. 1042.1 *et seq*., as well as the motion for a more definitive statement pursuant to FED. R. CIV. P. 12(e), need not be addressed.  See Malaysia Intern. Shipping Corp. v. Sinochem Intern. Co. Ltd., 436 F.3d 349, 358 (3d Cir. 2006) ("an actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of a case") (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-2 (1998)).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL WALTER HARPER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 06-01461 |
| | : | |
| v. | : | |
| | : | |
| DR. FOX, M.D., et al., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this 18th day of August, 2006, it is hereby **ORDERED** that the above-captioned matter is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. The Clerk of Court shall mark this case as closed for statistical purposes.

BY THE COURT:


  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.